MARTÍNEZ, APELANTE; *v.* THE AMERICAN RAILROAD COMPANY OF PORTO RICO, APELADA.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 978.—Resuelto en junio 28, 1913.

SERVIDUMBRE—TÍTULO PARA ADQUIRIRLA—SIGNO APARENTE—SEGREGACIONES DE UNA SOLA FINCA.—Los preceptos del artículo 548 del Código Civil Revisado que reconocen y sancionan la bien establecida teoría del signo aparente como título para adquirir las servidumbres, son aplicables al caso de una sola finca dividida eñ dos o más porciones.

CUESTIONES DE HECHO DUDOSAS.—De acuerdo con el artículo 306 del Código de Enjuiciamiento Civil enmendado por ley de marzo 8, 1906, cuando, como en el caso de autos, es dudosa la prueba para determinar el importe de los daños

y perjuicios reclamados, puede la Corte Suprema devolver el caso a la corte inferior para su revisión en cuanto a los puntos dudosos.

Los hechos están expresados en la opinión.

El apelante compareció en nombre propio.

Abogado de la apelada: *Sr. Federico G. Pérez Almiroty.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Hemos examinado cuidadosamente las alegaciones, las pruebas y los hechos declarados probados por el juez sentenciador y, a nuestro juicio, aparece claramente demostrado lo que sigue:

Francisco Molina, allá por el año de 1876, compró una finca de once cuerdas más o menos de extensión, situada en el barrio de Algarrobo, del término municipal de Mayagüez. Dueño Molina de la finca, segregó de ella y vendió, en 1889, a la demandada, que es una corporación dedicada a la explotación de ferrocarriles en Puerto Rico, una porción de terreno de tres cuerdas y cincuenta y cuatro céntimos de otra. Molina también segregó otra porción de cuatro cuerdas de terreno de la expresada finca y la vendió, en 1893, a Zenón Bellido. Dicha porción pasó de la propiedad de Bellido a la de sus herederos; de la de éstos a la de Juan Cumpiano, y de la de Cumpiano, en el año de 1911, a la del demandante Rogelio Martínez Castro. La finca principal y las porciones segregadas y vendidas se describen en la demanda. Las porciones segregadas colindan entre sí. Todas las transferencias de dominio se hicieron constar en escritura pública.

Mientras Molina poseía la totalidad de la finca de 11 cuerdas, existían en ella dos caminos abiertos por Molina que atravesaban la finca e iban a parar a un camino público. Cuando Molina vendió a la demandada la porción de 3 cuerdas, 54 céntimos, segregada de la finca de 11 cuerdas, nada se hizo constar en la escritura con respecto a la existencia de dichos caminos, sin que tampoco se hicieran desaparecer los expresados caminos antes del otorgamiento de la escritura.

La demandada, hace unos siete u ocho años tapó con una

cerca de alambre uno de los referidos caminos, y luego, en 1911, tapó también el otro camino, cesando desde entonces toda comunicación entre la finca del demandante y el camino público. Dada la situación del terreno del demandante, sólo puede tener salida al camino público por los terrenos de la demandada.

La corte de distrito entendió que al segregar Molina la porción de terreno que vendió a la demandada, voluntariamente privó al resto de su finca, que es hoy del demandante, del beneficio de entrar y salir al camino público, ya que en la escritura de venta no se hizo constar que el vendedor se reservaba tal derecho; que no era de aplicación a este caso el artículo 548 del Código Civil Revisado en que se basaba la acción ejercitada, sino el 571 del propio código, y que, en tal virtud, debía declarar como declaró sin lugar la demanda, sin necesidad de entrar a considerar si se probaron o nó los daños y perjuicios alegados. La sentencia se registró el 4 de febrero de 1913 y contra ella se interpuso el presente recurso de apelación.

El apelante alega que la corte de distrito erró al no aplicar el artículo 548 del Código Civil, y que en todo caso también erró al no dictar sentencia favorable al demandante, de acuerdo con el artículo 571 del propio código que la misma corte consideró aplicable.

Examinemos el primer error alegado.

El artículo 548 del Código Civil Revisado, igual al 541 del Código Civil español, dice así:

"Art. 548.—La existencia de un signo aparente de servidumbre entre dos fincas establecido por el propietario de ambas, se considerará, si se enajenare una, como título para que la servidumbre continúe activa y pasivamente, a no ser que, al tiempo de separarse la propiedad de las dos fincas, se exprese lo contrario en el título de enajenación de cualquiera de ellas, o se haga desaparecer aquel signo antes del otorgamiento de la escritura."

Antes que el legislador, el Tribunal Supremo de España había aplicado la teoría del signo aparente. En su sentencia

de 14 de septiembre de 1867, 16 Jurisprudencia Civil, 107, el Supremo dijo: "lo dispuesto en la ley 14, título 31, Partida 3ª., que trata de cómo se constituyen las servidumbres, no se opone al principio de que cuando uno vende parte de un terreno que le pertenece y no se establece en el contrato de venta un modo distinto de disfrute por el comprador del que usaba el vendedor, se entiende vendido el terreno con las servidumbres necesarias para verificarlo." En la de 7 de noviembre de 1883, 53 Jurisprudencia Civil, 208, expresó que: "según la doctrina establecida por este Tribunal Supremo, lo dispuesto en la ley 14, título 31, partida 3ª., que trata de cómo se constituyen las servidumbres, no se opone al principio de que dividido un predio entre dos diferentes personas, sin que se establezca en el contrato un modo de disfrute diferente del que usaba el primitivo dueño de la totalidad, se entienden subsistentes las servidumbres necesarias para verificarlo, y que el signo aparente de ellas es un título para que continúen si al tiempo de la división de la propiedad no se expresa lo contrario, que es lo que acontece en el presente caso, puesto que la finca adjudicada en pago a Juan Pérez Charueco, objeto de este pleito, al fallecimiento de aquél, se dividió entre sus hijos Juan y María Francisca, sin establecerse novedad alguna con respecto a la manera de su disfrute, y por consiguiente la sentencia recurrida, al condenar a Doña Rafaela Liaño a que reconozca la servidumbre de paso para ganados y carretas objeto de la demanda, no ha infringido la ley 14, título 31, de la Partida 3ª., que se cita en el primer motivo del recurso." Y en la de 21 de octubre de 1892, 72 Jurisprudencia Civil, 242, consignó que: "según ha declarado reiteradamente el Tribunal Supremo, lo dispuesto en la ley 14, título 31, Partida 3ª., que trata de cómo se constituyen las servidumbres, no se opone al principio de que dividida una finca entre diferentes personas, sin que se establezca en el contrato un modo de aprovechamiento distinto del que usaba el primitivo dueño de la totalidad, se entienden subsistentes las servidumbres necesarias para verificarlo."

A primera vista la interpretación dada por la Corte de Distrito de Mayagüez al artículo 548 del Código Civil Revisado, es correcta. Pero si se tienen en cuenta los precedentes legales y la realidad de los hechos, y se estudia detenidamente dicho artículo, se verá que nada de lo dispuesto en él se opone a que la teoría del signo aparente continúe aplicándose al caso de una sola finca que se divida en dos o más porciones.

Según los hechos alegados y probados en el juicio, los caminos establecidos por el dueño de la totalidad de la finca existían al tiempo de segregarse la porción vendida a la demandada y uno de ellos continuó existiendo por muchos años más hasta que fué obstruído por la demandada en 1911. No se trataba de un servicio oculto. El vendedor continuó explotando su finca y conduciendo sus productos al camino público en la misma forma que cuando la totalidad de la finca era suya, esto es, por los caminos que pasaban por dentro de la porción vendida a la demandada, establecidos por él anteriormente. Mientras la finca pertenecía en su totalidad al vendedor no puede decirse que existieran servidumbres. La idea de servidumbre presupone siempre la de un predio dominante y otro sirviente. Pero la servidumbre se manifestó en todo su vigor desde el momento en que la finca se dividió. El vendedor dejó de tener el dominio sobre la porción vendida, pero el camino, signo aparente, subsistió y continuó usándose como tal camino.

Bajo tales circunstancias, se impone la conclusión de que la demandada al adquirir la porción de la finca descrita en la demanda, la adquirió con una servidumbre de paso clara y aparente a favor del predio de que es dueño en la actualidad el demandante.

Uno de los caminos fué cerrado por la demandada hace unos siete años sin que conste que los dueños del predio dominante hicieran reclamación alguna, pudiendo más bien deducirse que abandonaron su derecho. El cierre del otro camino, ocurrido en 1911, fué el que verdaderamente dió origen a este

pleito. El camino cerrado en 1911 es suficiente para satisfacer la necesidad que tiene el predio del demandante de comunicarse con el camino público.

Por las razones expuestas opinamos que la corte de distrito erró al no dictar sentencia condenando a la demandada a reconocer la servidumbre de paso existente sobre el predio de que es dueña, a favor del predio de que es dueño el demandante.

En cuanto a la reclamación de daños y perjuicios diremos, que hemos examinado la prueba y nos parece dudosa. En su consecuencia, de acuerdo con el artículo 306 del Código de Enjuiciamiento Civil, enmendado en 1906, leyes 1906, página 65, nos parece que se cumplen mejor los fines de la justicia devolviendo el caso para su revisión, en cuanto a este extremo, a la corte inferior.

Debe dictarse sentencia de acuerdo con los principios expuestos en esta opinión.

> *Revocada y dictada sentencia a favor del apelante y devuelto el caso a la corte inferior para su revisión en cuanto a la indemnización de daños y perjuicios.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.