Ramona Muñoz, viuda de Alonso, demandante y apelante, *v.* Angel Viejo, demandado y apelado.

No. 3694.—*Visto:* Diciembre 15, 1925. *Resuelto:* Julio 22, 1926.

1. Servidumbres — Creación, Existencia y Terminación — Separación de la Propiedad de Dos Fincas—Existencia de Signos Aparentes Entre las Fincas Establecidos por el Propietario de Ambas—Efecto.—Dados los hechos del caso de autos—construídas las ventanas y huecos de que se trata por el que fué propietario de ambas fincas cuando estaban enclavadas en un solo solar y constituyendo dichas ventanas y huecos signos aparentes—*se resolvió* que era de aplicación al mismo el artículo 548 del Código Civil y la jurisprudencia aplicable al mismo.

2. Servidumbres — Creación, Existencia y Terminación — Extinción de las Servidumbres—Reconstrucción del Predio Dominante—No Uso de la Servidumbre Durante un Término No el Suficiente para la Prescripción.—Cuando existe una servidumbre a favor de un edificio y éste se reconstruye y entre la destrucción a los efectos de la reconstrucción y la obra nueva no ha transcurrido el tiempo fijado por el artículo 553 del Código Civil, no puede sostenerse que la servidumbre ha prescrito.

3. Injunction—Demandas de Injunction—Apelación—Revisión—Cuestiones de Hecho.—En el caso de autos *se resolvió* que la corte inferior no cometió error al apreciar la prueba, especialmente tratándose de un *injunction* en el que, para obtener la medida en él solicitada, el derecho de la demandante debió resultar enteramente claro.

Sentencia de *M. Rodríguez Serra,* J. (San Juan, Segundo Distrito), declarando sin lugar la petición de *injunction* presentada, con costas. *Confirmada.*

*José N. Quiñones,* abogado de la apelante; *Jacinto Texidor,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Se trata de un pleito de *injunction* iniciado por Ramona Muñoz viuda de Alonso contra Angel Viejo con objeto de impedir que el demandado continuara cierta construcción.

Formuladas las alegaciones, fué el pleito a juicio y la corte lo resolvió finalmente declarando la demanda sin lugar, basándose en los siguientes hechos, que estimó probados, y precepto de ley, que citó y aplicó, así:

"Las casas de la demandante y del demandado pertenecieron al Sr. Miguel D. Granela; una de altos y bajos, la del demandado, y la otra terrera, la de la demandante. Ambas tenían una pared medianera, y en ella, en los bajos, había dos huecos, uno de puerta y

otro de ventana, comunicando ambas casas. En tal estado se hallaban el año 1906, cuando el demandado adquirió la casa de dos plantas, y en la época en que la demandante compró la suya. Ni en una ni en otra escritura aparece manifestación tendente a la suspensión de esa servidumbre. En la casa de altos y bajos, en la pared alta, y en la parte contigua a la casa de la demandante, había tres ventanas que existían en la época en que Granela era dueño de ambas casas, construídas sobre un solar. En la escritura de venta por Granela a Viejo, Granela, que se quedaba con la casa terrera, obligóse a no levantar su pared, ni hacer más alta su casa sin el consentimiento de Viejo. Los huecos y ventanas eran públicos, visibles y conocidos, y durante más de veinte años han permanecido. Finalmente, el demandado Viejo está llevando a cabo obras de reconstrucción de la casa de altos y en ellas conserva las ventanas de los altos y uno de los huecos de los bajos.

"La teoría de la demandante parece fundarse en el hecho de que el demandado está haciendo una casa enteramente nueva y distinta de la anterior y que, por tal motivo, la servidumbre ha sido extinguida por no poder usarse, según el párrafo 3 del artículo 553 del Código Civil. Pero esta misma disposición legal es adversa a las pretensiones de la demandante, puesto que dice: 'Cuando los predios vengan a tal estado que no pueda usarse de la servidumbre: pero ésta, revivirá si después el estado de los predios permitiera usar de ellos, a no ser que cuando sea posible el uso haya transcurrido el tiempo suficiente para la prescripción, conforme a lo dispuesto en el número anterior.'

"No se ha alegado que desde que se hizo la demolición de la casa de dos plantas hasta la fecha de la presentación de la demanda, haya transcurrido tiempo suficiente para la prescripción.

"La reconstrucción de una casa en la que concurran circunstancias de la que se trata no puede ser considerada como pretende la demandante, como destrucción total de la misma a los efectos de la extinción de la servidumbre."

No conforme la demandante interpuso el presente recurso de apelación, alegando la comisión de cinco errores, a saber: 1, al resolver la corte que existía una servidumbre de luces y vistas a favor del apelado; 2, al decidir que la servidumbre a favor del demandado, si existía alguna, no se había extinguido al destruirse el antiguo edificio; 3, al resolver que tratándose de una construcción nueva se trasmi-

tía a ella el derecho que a la antigua correspondía; 4, al decidir que la apelante concurrió al otorgamiento de la servidumbre impuesta por su causante a favor del apelado, y 5, al apreciar la evidencia en favor del demandado.

[1] Sostiene la apelante discutiendo el primer error que no es posible declarar que existe la servidumbre de que se trata porque no consta inscrita en el registro ni consignada en documento público, sin que pueda alegarse la prescripción por ser la apelante un tercero, y cita los casos de *García* v. *García*, 25 D.P.R. 138, y *Díaz* v. *Guerra*, 18 D.P.R. 820.

Uno de los elementos básicos de nuestro sistema hipotecario es la publicidad, pero ese elemento, como expone el apelado en su alegato, no es exclusivo del Registro. A este respecto ha dicho el Tribunal Supremo de España, en sentencia de 7 de noviembre de 1911, 122 J. C. 636, lo que sigue:

"Que no puede atribuirse el carácter de tercero para los efectos de los artículos 2º, 13, 23, 25 y 27 de la Ley Hipotecaria conforme a la doctrina repetida y constante del Tribunal Supremo sentada entre otras sentencias, en las 13 de julio de 1885, 31 de marzo de 1892, 11 de enero de 1895 y 5 de abril de 1898, al que adquiere bienes gravados legítimamente con servidumbre, respecto de cuya existencia por revelarse mediante signos ostensibles e indubitados no pueda dudarse, aunque no estén especialmente inscritos en el Registro, porque en tal caso, y siendo manifiesto y no oculto el gravamen, falta por entero la razón en que los indicados preceptos legales se fundan, como ocurre cuando las servidumbres consisten en acueductos o acequias permanentes construídas en el predio sirviente, por los cuales discurre el agua que de tiempo inmemorial utiliza el predio dominante y que por ser de naturaleza continua, aparente y visible, no pudieron permanecer ignoradas."

Parece conveniente citar además lo resuelto por dicho tribunal en sentencia de 31 de marzo de 1902, 93 J. C. 521. Es así:

"Que si es cierto que según el art. 23 de la Ley Hipotecaria, los títulos en que se constituyan o reconozcan derechos reales, como el

de servidumbre, no hallándose inscrito en el Registro, no pueden perjudicar a tercero, carece de la calidad de tal, como repetidamente ha declarado el Tribunal Supremo, quien si bien no intervino en el acto o contrato inscrito, tuvo conocimiento, al adquirir la finca de las servidumbres que, por ser aparentes o revelarse por signos exteriores, como la de luces y vistas, no pudieron ser desconocidas por el adquirente, pues en tal caso, no siendo oculto el gravamen, falta como base de aplicación de aquel artículo uno de los objetos principales de la Ley Hipotecaria, cual es la publicidad de las cargas que afectan a la propiedad inmueble.''

Dados los hechos de este caso, habiéndose construído las ventanas y huecos de que se trata por el que fué propietario de ambas fincas cuando estaban enclavadas en un solo solar y constituyendo dichas ventanas y huecos signos aparentes, es de perfecta aplicación el artículo 548 del Código Civil y la jurisprudencia establecida por esta corte en el caso de *Martínez* v. *American Railroad Co. of Porto Rico,* 19 D.P.R. 974.

El precepto de ley dice:

''Art. 548.—La existencia de un signo aparente de servidumbre entre dos fincas establecidas por el propietario de ambas, se considerará, si se enajenare una, como título para que la servidumbre continúe activa y pasivamente, a no ser que, al tiempo de separarse la propiedad de las dos fincas, se exprese lo contrario en el título de enajenación de cualquiera de ellas, o se haga desaparecer aquel signo antes del otorgamiento de la escritura.''

Y la jurisprudencia es como sigue:

''Los preceptos del artículo 548 del Código Civil Revisado que reconocen y sancionan la bien establecida teoría del signo aparente como título para adquirir las servidumbres, son aplicables al caso de una sola finca dividida en dos o más porciones.''

En atención a lo expuesto, resulta claro que los casos de *García* v. *García, supra,* y *Díaz* v. *Guerra, supra,* invocados por la apelante, no son de aplicación.

[2] Los errores 2 y 3 pueden estudiarse conjuntamente. La corte no apreció la prueba en el sentido de que demos-

trara que el edificio anterior había sido destruído total-
mente. · Consignó que aunque así hubiera sido, dado el
tiempo que medió entre la destrucción y la obra nueva no
había el demandado perdido su derecho de acuerdo con el
artículo 553 del Código Civil, que, en lo pertinente, dice:

"Art. 553.—Las servidumbres se extinguen:

    ✻       ✻       ✻       ✻       ✻       ✻       ✻

"2.—Por el no uso durante veinte años.

"Este término principiará a contarse desde el día en que hu-
biera dejado de usarse la servidumbre respecto a las discontinuas;
y desde el día en que haya tenido lugar un acto contrario a la ser-
vidumbre respecto a las continuas.

"3.—Cuando los predios vengan a tal estado que no pueda usarse
de la servidumbre; pero ésta revivirá si después el estado de los
predios permitiera usar de ellos, a no ser que cuando sea posible el
uso haya transcurrido el tiempo suficiente para la prescripción, con-
forme a lo dispuesto en el número anterior."

En sus comentarios al Código Civil, Manresa se ex-
presa así:

"En el derecho romano la servidumbre quedaba, digámoslo así,
dormida, pero no muerta, y así, en cualquier tiempo en que el es-
tado de los predios permitiera el uso de la servidumbre, ésta volvía
·a poder ser ejercitada. Los códigos modernos no mantienen el rigor
de este principio; pero no atreviéndose a romper con él en abso-
luto, mezclan esta cuestión con la de la prescripción, y sólo con-
sienten que reviva la servidumbre dentro de diez, de veinte o de
treinta años. ✻ ✻ ✻ Por último, el acto contrario a la servi-
dumbre, si no siempre como acto, existe como hecho fatal e ineludi-
ble, lo mismo para las servidumbres continuas que para las discon-
tinuas, en el núm. 3º. Las servidumbres de luces y vistas, por
ejemplo, lo mismo se extinguen por el hecho de edificar, impidién-
dolas, que por el de tapiar los huecos o ventanas que las disfrutan;
en ambos casos se hace imposible el uso. Luego si el edificio de las
ventanas o huecos se derriba o destruye, esos huecos o ventanas de-
jan de existir; la servidumbre es imposible; hay un hecho que la
inutiliza, hecho que no puede menos de estimarse contrario a la ser-
vidumbre; basta contar desde él, y como al extinguirse la servi-
dumbre de luces, la de no levantar no tiene ya razón de ser, ésta,

como aquélla, quedará extinguida. Digamos lo mismo de las de acueducto, vertiente de tejados, apoyar una viga, etc. Basta, por tanto, siempre el transcurso del tiempo. A lo más se podrá decir que el plazo puede interrumpirse, pero nunca que deje de empezar a correr.'' Manresa, Comentarios al Código Civil, tomo 4, páginas 633 y 634.

Es la misma parte apelante la que invoca el último de los párrafos de Manresa que dejamos transcrito. La cita es enteramente contraria a lo que pretende sostener. Parece que el criterio de la apelante es que inmediatamente que el edificio antiguo fué destruído quedó la servidumbre extinguida. No es así. La destrucción es el punto de partida para contar el término de veinte años de no uso fijado por la ley. Y aquí si hubo no uso, fué cuestión de días, a lo sumo de algunos meses.

El error cuarto se refiere a cierta condición que se consignó en la escritura de 27 de julio de 1906 por virtud de la cual Granela, el antiguo dueño de las fincas, vendió al demandado la suya, a saber: ''Quinta. Es condición precisa entre los otorgantes, que si por don Manuel D. Granela, se tratase en lo sucesivo, de levantar un segundo piso sobre la casa de mampostería que ha construído, descrita en la estipulación tercera de esta escritura, no podrá hacerlo sin el consentimiento y aprobación de don Angel Viejo.''

Aunque el juez sentenciador narra este hecho, su decisión no depende de tal cláusula. No está envuelta aquí su aplicación o su no aplicación, su validez o su nulidad. No es la demandante la que está construyendo, sino el demandado el que está reconstruyendo. Huelga, en tal virtud, decidir en este pleito, la cuestión discutida.

[3] Hemos estudiado cuidadosamente la evidencia practicada y a nuestro juicio la corte no cometió error alguno al apreciarla, especialmente tratándose como se trata de un pleito de *injunction* en el que la verdadera cuestión envuelta es la de si se ordenaba o nó la paralización de la obra que realizaba el demandado. Para obtener tal medida

el derecho de la demandante debió resultar enteramente claro.

"Es una regla general," dijo esta corte en el caso de *Martínez* v. *Soto,* 32 D.P.R. 607, "que no se concederá un *injunction* cuando existe disputa en cuanto al derecho legal envuelto y el derecho del demandante es dudoso, siendo la teoría que es el deber de la corte proteger los derechos reconocidos más bien que establecer otros nuevos y dudosos." Véase el caso del *Municipio de Comerío* v. *Rivera,* 34 D.P. R. 410.

Por virtud de todo lo expuesto, *debe confirmarse la sentencia apelada.*