DOLORES A. McCORMICK, demandante y apelada, *v.* RAFAEL VALLÉS SANTOS, demandado y apelante.

Núm. 7729.—*Sometido:* Mayo 18, 1939. *Resuelto:* Julio 5, 1939.

*Dubón & Ochoteco,* abogados del apelante; *Carlos J. Torres Laborde,* abogado de la apelada.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Doña Mercedes Valldejuli Díaz, doña Juana Acosta viuda de Delgado y sus hijos Ramón, Haydée y María Delgado Acosta, poseían en común proindiviso una finca rústica a la salida del pueblo de Carolina, atravesada por la carretera que conduce al de Canóvanas. Más tarde se dividió la comunidad que existía entre ellos, de tal forma que la parte de la finca radicada a la izquierda de la carretera (dirección Carolina-Canóvanas), que se denominó parcela *a,* se adjudicó a la Sra. Acosta viuda de Delgado y sus hijos, y el predio al lado opuesto se dividió en dos: el marcado letra *b,* contiguo a la carretera, se adjudicó también a los mencionados condueños, y el del fondo, que se denominó parcela *c,* fué ad-

judicado a doña Mercedes Valldejuli. Antes y después de dividirse la comunidad, existía en el predio *b* un camino que de la carretera conducía al interior de la finca, es decir, hasta lo que más tarde se denominó parcela *c*, camino que se utilizaba para entrar y salir y sacar los productos tanto de la parcela *b* como de la *c*, considerándose estas dos parcelas como si en realidad se tratase de un solo predio.

Al dividirse la comunidad en la forma antedicha, nada se expresó con respecto al camino en cuestión, continuando en posesión de la finca desde entonces, la Sra. Acosta viuda de Delgado y sus hijos en calidad de dueños de las parcelas *a* y *b*, y de arrendatarios de la denominada *c*, que como anteriormente dijimos fué adjudicada a la Sra. Valldejuli.

Posteriomente los dueños de las parcelas *a* y *b*, o sea la viuda de Delgado y sus hijos, la vendieron al demandado Rafael Vallés, y la Sra. Valldejuli vendió la suya, la marcada *c*, a la Sra. Dolores A. McCormick. Siguieron los Sres. Delgado en posesión de las tres parcelas y continuaron usando el camino en la forma que siempre lo habían hecho. Finalmente los dueños de las fincas entraron en posesión material de sus respectivas parcelas, el Sr. Vallés de las marcadas *a* y *b*, y la Sra. McCormick de la denominada *c*. Cerró entonces el demandado Vallés el camino en controversia, impidiendo el paso a la Sra. McCormick a su finca *c*, por lo que instituyó esta última el pleito de autos en solicitud de una sentencia que declare y decrete que el camino en controversia constituye una servidumbre de paso que afecta la parcela *b* del demandado a favor de la finca *c* de la demandante y que se condene además a aquél a resarcirle de los daños y perjuicios que alega haber sufrido la demandante con motivo del cierre del camino, y las costas y gastos de este pleito.

Se opuso el demandado a las pretensiones de la demandante. Fué el caso a juicio y la corte dictó sentencia declarando con lugar la demanda en cuanto a la existencia de la servidumbre, la desestimó en lo que respecta al pronunciamiento de daños, y condenó al demandado al pago de las

costas, incluyendo honorarios de abogado, que fijó en la cantidad de $200.

Apreciando la prueba, dice la corte sentenciadora en su opinión:

"La prueba testimonial varía: así mientras unos testigos dicen que la única entrada que había para la finca era el camino afirmado que conduce hasta los establecimientos, y su continuación hasta la parcela *c*, y las personas que intervinieron en la compra nunca fueron informadas de que dicha parcela *c* necesariamente tendría otra entrada distinta por completo del camino afirmado, los testigos del demandado, entre ellos los antiguos vendedores, manifestaron que el camino existente allí después del afirmado, fué hecho por ellos durante el corto tiempo en que tuvieron arrendada la parcela del demandado, y que nunca existió camino alguno a partir de los establecimientos de la finca, ya que todo ello era considerado como vega y se dedicaba a pasto. No ha podido dársenos una explicación clara en cuanto a la existencia del trozo de alcantarilla a que antes hacemos referencia."

Al final de la opinión dirime así el conflicto:

"De lo antes expuesto, llegamos a la conclusión de que existía una finca poseída en comunidad, y en la misma un camino que empezaba en la orilla de la carretera y continuaba hasta los terrenos que hoy constituyen la parcela letra *c*, propiedad de la demandante; que esta finca se dividió, y al dividirse, no se convino nada en cuanto a la continuación y uso del camino, y habiendo adquirido la demandante la parcela letra *c* con la servidumbre de este camino, que es una aparente y ostensible, dicha demandante tiene derecho a continuar en el disfrute del mismo."

No estando conforme el demandado, apeló para ante este tribunal y al solicitar la revocación de la sentencia imputa a la corte *a quo* la comisión de los siguientes errores:

"1. Erró la Corte de Distrito del Distrito Judicial de San Juan, Puerto Rico, al resolver el presente litigio, en la interpretación y aplicación del artículo 477 del Código Civil (ed. 1930).

"2. Erró la Corte de Distrito del Distrito Judicial de San Juan, Puerto Rico, y en el supuesto de que hubiera interpretado y aplicado debidamente las disposiciones del artículo 477 del Código Civil (ed. 1930) a la acción de epígrafe, al resolver que en la parcela 'B' des-

crita en el apartado segundo de la demanda enmendada (Legajo de Sentencia, pág. 15) se notaba la existencia aparente de un signo de servidumbre de paso que engendra un derecho como fundo sirviente a favor de la parcela descrita en el apartado primero de dicha demanda enmendada, como fundo dominante.

"3. Erró la Corte de Distrito del Distrito Judicial de San Juan, Puerto Rico, al imponerle las costas, con inclusión de la suma de $200.00 por concepto de honorarios de abogado, al demandado.

"4. Y por último, erró la Corte de Distrito del Distrito Judicial de San Juan, Puerto Rico, al dictar sentencia contra el demandado y a favor de la demandante sobre la existencia de servidumbre de paso."

▆▆▆ La cuestión suscitada por los dos primeros y el último señalamientos de error se reduce a determinar si a un estado de hechos como el que surge de este caso es aplicable el artículo 477 del Código Civil (ed. 1930), que literalmente dice así:

"La existencia de un signo aparente de servidumbre entre dos fincas establecido por el propietario de ambas, se considerará, si se enajenare una, como título para que la servidumbre continúe activa y pasivamente, a no ser que, al tiempo de separarse la propiedad de las dos fincas, se exprese lo contrario en el título de enajenación de cualquiera de ellas, o se haga desaparecer aquel signo antes del otorgamiento de la escritura."

Aceptando como aceptamos la apreciación que de la prueba hizo la corte sentenciadora, y lo hacemos así después de un estudio detenido de las alegaciones, del acta de inspección ocular y de la transcripción de evidencia, no cabe, a nuestro juicio, otra conclusión que aquélla a que llegó en su sentencia.

Es verdad que el artículo 477 supra se refiere al signo aparente de servidumbre entre dos fincas, pero su espíritu claramente demuestra que sus disposiciones son igualmente aplicables a una y a más de dos fincas cuando éstas son poseídas por un solo dueño o varios en común. Que el precepto legal es aplicable a una sola finca que luego ha sido dividida en dos, como sucede en el caso de autos, lo resolvió termi-

nantemente este tribunal en el caso de *Martínez* v. *American R. R. Co.*, 19 D.P.R. 974, 976. Se dijo entonces:

"Antes que el legislador, el Tribunal Supremo de España había aplicado la teoría del signo aparente. En su sentencia de 14 de septiembre de 1867, 16 Jurisprudencia Civil, 107, el Supremo dijo: 'Lo dispuesto en la ley 14, título 31, Partida 3a., que trata de cómo se constituyen las servidumbres, no se opone al principio de que cuando uno vende parte de un terreno que le pertenece y no se establece en el contrato de venta un modo distinto de disfrute por el comprador del que usaba el vendedor, se entiende vendido el terreno con las servidumbres necesarias para verificarlo.' En la de 7 de noviembre de 1883, 53 Jurisprudencia Civil, 208, expresó que: 'Según la doctrina establecida por este Tribunal Supremo, lo dispuesto en la ley 14, título 31, partida 3a., que trata de cómo se constituyen las servidumbres, no se opone al principio de que dividido un predio entre dos diferentes personas, sin que se establezca en el contrato un modo de disfrute diferente del que usaba el primitivo dueño de la totalidad, se entienden subsistentes las servidumbres necesarias para verificarlo, y que el signo aparente de ellas es un título para que continúen si al tiempo de la división de la propiedad no se expresa lo contrario, que es lo que acontece en el presente caso, puesto que la finca adjudicada en pago a Juan Pérez Charueco, objeto de este pleito, al fallecimiento de aquél, se dividió entre sus hijos Juan y María Francisca, sin establecerse novedad alguna con respecto a la manera de su disfrute, y por consiguiente la sentencia recurrida, al condenar a Doña Rafaela Liaño a que reconozca la servidumbre de paso para ganados y carretas objeto de la demanda, no ha infringido la ley 14, título 31, de la Partida 3a., que se cita en el primer motivo del recurso.' Y en la de 21 de octubre de 1892, 72 Jurisprudencia Civil, 242, consignó que: 'Según ha declarado reiteradamente el Tribunal Supremo, lo dispuesto en la ley 14, título 31, Partida 3a., que trata de cómo se constituyen las servidumbres, no se opone al principio de que dividida una finca entre diferentes personas, sin que se establezca en el contrato un modo de aprovechamiento distinto del que usaba el primitivo dueño de la totalidad, se entienden subsistentes las servidumbres necesarias para verificarlo.'

"A primera vista la interpretación dada por la Corte de Distrito de Mayagüez al artículo 548 del Código Civil Revisado, es correcta. Pero si se tienen en cuenta los precedentes legales y la realidad de los hechos, y se estudia detenidamente dicho artículo, se verá que nada de lo dispuesto en él se opone a que la teoría del

signo aparente continúe aplicándose al caso de una sola finca que se divida en dos o más porciones.

''Según los hechos alegados y probados en el juicio, los caminos establecidos por el dueño de la totalidad de la finca existían al tiempo de segregarse la porción vendida a la demandada y uno de ellos continuó existiendo por muchos años más hasta que fué obstruído por la demandada en 1911. No se trataba de un servicio oculto. El vendedor continuó explotando su finca y conduciendo sus productos al camino público en la misma forma que cuando la totalidad de la finca era suya, esto es, por los caminos que pasaban por dentro de la porción vendida a la demandada, establecidos por él anteriormente. Mientras la finca pertenecía en su totalidad al vendedor no puede decirse que existieran servidumbres. La idea de servidumbre presupone siempre la de un predio dominante y otro sirviente. Pero la servidumbre se manifestó en todo su vigor desde el momento en que la finca se dividió. El vendedor dejó de tener el dominio sobre la porción vendida, pero el camino, signo aparente, subsistió y continuó usándose como tal camino.

''Bajo tales circunstancias, se impone la conclusión de que la demandada al adquirir la porción de la finca descrita en la demanda, la adquirió con una servidumbre de paso clara y aparente a favor del predio de que es dueño en la actualidad el demandante.''

Véase *Muñoz* v. *Viejo,* 35 D.P.R. 864.

Se arguye por el apelante que al tiempo de adquirir él la parcela *b,* no existía cerca alguna que hiciera ostensible los linderos entre dicha parcela y la *c* de la demandante, pero esta circunstancia, a nuestro juicio, no varía la situación. El signo ostensible que exige la ley es el de la servidumbre y ostensible era el camino en controversia. Al comprar la parcla *b* el demandado apelante, necesariamente debió inquirir cuáles eran los linderos que encerraban el predio que adquiría, y no era necesario para apreciar que el camino se extendía de una a otra finca la existencia de una cerca entre uno y otro predio. Conocidos los puntos de colindancia y la trayectoria de ésta, no requería ningún esfuerzo mental trazar imaginariamente la cerca y descubrir el signo de la servidumbre.

Lo expuesto nos lleva a la conclusión de que no existen los señalamientos de error marcados 1, 2, y 4.

■■ Sólo nos resta considerar el tercero, que se contrae a la condena de costas y honorarios de abogado.

La imposición de costas al demandado era una secuela de la sentencia dictada en su contra. Ninguna discreción tenía la corte inferior para dejar de imponerlas. Artículo 327 del Código de Enjuiciamiento Civil, según fué enmendado por la Ley núm. 69 de 11 de mayo de 1936 (Leyes de 1936, (1) pág. 353).

La condena de honorarios de abogado depende de la temeridad con que haya procedido el demandado apelante al oponerse a las pretensiones de la apelada. La prueba revela que después de cerrado el camino y antes de instituirse este pleito, el demandado fué advertido de que no tenía derecho a cerrar el camino. Insistió en sus pretensiones y obligó a la demandante a incurrir en los gastos consiguientes a un pleito que pudo y debió evitarse. La temeridad de su parte existió. La cuantía en que fueron fijados los honorarios es, a nuestro juicio, una cantidad justa y razonable, teniendo en cuenta el grado de culpa del demandado y el trabajo necesariamente prestado por los abogados de la demandante. No existe tampoco el tercero de los errores imputados.

*Procede, por lo expuesto, desestimar el recurso y confirmar la sentencia apelada.*

El Juez Asociado Sr. Travieso no intervino.