MATTEI, DEMANDANTE Y APELANTE, *v.* BADILLO, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en un caso de *injunction* para recobrar la posesión de propiedad inmueble.

No. 1109.—Resuelto en julio 16, 1914.

INJUNCTION PARA RECOBRAR LA POSESIÓN—ACTOS VIOLENTOS O FRAUDULENTOS.— La ley No. 43 de marzo 13, 1913, al estatuir que el despojo debe hacerse por medios violentos o fraudulentos, no ha establecido ser requisito necesario que el despojo se haga empleando fuerza física o engaño, siendo bastante que se haga contra la voluntad del poseedor, o sin el concurso de ella.

ID.—ACTOS VIOLENTOS O FRAUDULENTOS—SIGNIFICACIÓN DE DICHA FRASE.— Cuando una persona es privada de la posesión de su propiedad contra su voluntad, esto constituye un acto violento, y el cual puede llevarse a cabo por medio de fuerza, intimidación, amenaza o cualquier otro medio que afecte a la libertad del poseedor. Cuando se priva a una persona de su posesión sin su consentimiento, entonces existe un acto fraudulento que puede llevarse a cabo por medio de fraude o engaño propiamente dicho, o por cualquier otro medio equivalente al engaño, *verbi gracia*, procediendo por sorpresa u obrando ocultamente o a espaldas del poseedor.

ID.—ACTOS VIOLENTOS O FRAUDULENTOS—AMENAZA DE CÁRCEL—ACTO DE CERCAR EL TERRENO.—Una persona es privada de su posesión por actos violentos o fraudulentos cuando, como en el caso de autos, se prueba que el demandado amenazó de cárcel al que entrara en el terreno en litigio, lo cual envuelve un elemento de fuerza, y además cercó el terreno, poniendo una estaca con un letrero en el que prohibía la entrada, con sorpresa y a espaldas del legítimo poseedor, lo cual revela artificio para el despojo que puede calificarse de medio fraudulento.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Luis Montalvo Guenard.*

Abogado del apelado: *Sr. Juan B. Soto.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de una demanda para recobrar la posesión de cierta propiedad inmueble, y en ella solicita la demandante Luisa Mattei, viuda de Campos se le conceda un *injunction* contra el demandado Teodoro Badillo para que sea repuesta en la posesión material de 3 y media cuerdas de terreno de que ha sido privada, requiriendo al perturbador demandado para que en lo sucesivo se abstenga de ejecutar acto alguno como los realizados u otros constitutivos de la privación de la posesión, bajo apercibimiento de desacato a la corte por desobediencia al *injunction,* de acuerdo con la Ley No. 43 aprobada en marzo 13, 1913, con costas, desembolsos y honorarios de abogado a cargo de la parte demandada.

Alega la demandante como hechos determinantes de su acción que es dueña de una finca rústica de 4 cuerdas y 25 céntimos de terreno, sita en el barrio de Guayabo del municipio de Aguada e inscrita en el registro de la propiedad; que dentro de los 4 meses inmediatamente anteriores a la presentación de la demanda estaba en posesión real de dicha finca; que el demandado posee otra colindante con aquélla por los rumbos sur y oeste, la cual figura como propiedad de Genaro Chaparro; que con el pretexto de separar ambas fincas puso el demandado una cerca de alambre dentro de la propiedad de la demandante privándola de la posesión de su finca por los rumbos sur y oeste en una extensión de 3 y media cuerdas más o menos, violenta y fraudulentamente; y que el demandado está ejecutando actos de dueño en el terreno de que ha sido desposeído, arándolo y preparándose a sembrarlo de cañas de azúcar.

El demandado negó los hechos fundamentales de la demanda, y como materia nueva alegó que es dueño y posee en pleno dominio un predio de terreno ubicado en el barrio de Guayabo, que adquirió por compra hecha a Genaro Chaparro en escritura de 27 de enero de 1913, inscrita en el registro

de la propiedad, y en esa finca ha echado una cerca de alambre sin comprender dentro de ella finca alguna de la propiedad de la demandante.

Celebrado el juicio la corte dictó sentencia en 18 de diciembre de 1913, por la que declara no haber lugar a conceder el *injunction* solicitado, reservando a las partes el derecho que pueda asistirles respecto a la propiedad o posesión del lote de terreno a que se alude en la demanda, con las costas a cargo de la parte demandante.

Contra esa sentencia interpuso la representación de Luisa Mattei recurso de apelación para ante esta Corte Suprema.

El fundamento principal en que descansa la desestimación de la demanda, según expresa el juez en su opinión es que la prueba aportada al juicio por la demandante es insuficiente para sostener las alegaciones esenciales de la misma aun considerada aisladamente, pues si se toma en consideración con la del demandado resulta totalmente infructuosa para el sostenimiento de la acción.   La parte apelante funda su recurso en que la corte cometió error en la apreciación de las pruebas, como trata de demostrarlo mediante un examen minucioso de las mismas.

Según la demanda las 3½ cuerdas de terreno de cuya posesión ha sido privada la demandante, están situadas hacia el sur y oeste de una finca de su propiedad de 4 cuerdas y 25 céntimos de terreno, colindantes por el norte con terrenos de José Ramón Badillo y Miguel Bonet, por el sur con el río y terrenos de Genaro Chaparro, por el este con el propio río dividiendo terrenos de Luisa Mattei, y por el oeste con terrenos del mismo Genaro Chaparro.

Se ha justificado documentalmente que en 14 de julio de 1913 el márshal auxiliar de la Corte de Distrito de Aguadilla dió posesión a Don Pedro F. Acevedo en representación de la demandante Luisa Mattei de un finca de la cabida y colindancia ya expresadas, para cumplimentar sentencia dictada en juicio de desahucio por aquélla seguido contra Genaro Chaparro, y que esa misma finca fué adjudicada a la Mattei

con fecha 14 de junio de 1907 en escritura de partición de
bienes de su difunto esposo Don Elías Campos, cuya escritura ha sido inscrita en el registro de la propiedad.

Examinemos la prueba testifical aportada al juicio por
ambas partes:

### TESTIGOS DE LA DEMANDANTE.

*Don Pedro F. Acevedo* sabe que Luisa Mattei, entre otras
fincas, tiene una de 4 cuerdas y 25 céntimos de terreno que.
colinda por el sur y el oeste con Genaro Chaparro y un río,
por el norte con terrenos de Ramón Badillo, que son de Rafucci y Don Miguel Bonet, y por el este con un camino vecinal que conduce al barrio de Cruces, cuya finca está dividida
por un camino vecinal en dos porciones, una de 3 cuerdas
y otro de 1 cuerda con 25 céntimos, y como representante de
Doña Luisa Mattei, tomó posesión de ella en 14 de julio de
1913, mediante entrega que le hizo el sub-márshal de la Corte
de Distrito de Aguadilla, habiendo entregado luego la misma
finca a un empleado de Giorgetti.

*Pedro J. Bou,* que es el empleado de Giorgietti a que alude
Acevedo, tomó posesión como tal empleado, en 14 ó 15 de
julio de 1913, de 3 cuerdas de terreno que forman parte de
una fracción de 4 cuerdas 25 céntimos de que el márshal de
Distrito de Aguadilla a su vez había dado posesión a Pedro
F. Acevedo en nombre de la demandante; como no estaba
bien enterado de los límites, hizo Boucher el deslinde del terreno de 3 cuerdas, y al día siguiente mandó a Ulises García
que lo cercara en unión de otro que conocía los linderos sin
que llegaran a realizar el trabajo; al otro día de haber mandado cercar, pasó por el terreno y vió un palo con un letrero
que decía ''Prohibido el paso,'' ignorando quién lo puso;
ha visto una cerca con estacones de madera en la parte de la
finca que colinda con el camino vecinal y con esa cerca queda
cerrado el predio de las 3 cuerdas; conoce a Teodoro Badillo,
quien estuvo un día diciendo que ese terreno le pertenecía.

*Tomás Boucher,* agrimensor, entre los días 14 y 20 de julio de 1913 hizo un deslinde de 3 cuerdas de terreno de Luisa Mattei, por cuenta de la Central Córsica, siendo las colindancias de ese terreno, por el norte, con los Sucesores de Rafucci, antes Ramón Badillo y Miguel Bonet, al este un camino vecinal, y al sur y al oeste terrenos de Chaparro; el terreno deslindado afecta una forma rectangular en la parte baja pero irregular en la parte alta; lo segregó de una finca que tenía Genaro Chaparro; hizo la partición de la finca de Don Elías Campos por el año de 1906 y entonces midió esas 3 cuerdas, las que fueron adjudicadas a la demandante en unión de otra fracción de una cuerda y un cuarto, siendo la finca en su totalidad de cuatro cuerdas y un cuadro, colindante por el norte con terrenos de José Ramón Badillo y Miguel Bonet, al sur con terrenos de Chaparro, y un río, y al este con un camino y el río, y al oeste con terrenos de Chaparro.

*Elías Delgado,* fué con el agrimensor Tomás Boucher del 14 al 20 de julio de 1913, a tomar los puntos de una fracción de 3½ cuerdas de terreno, y Don Pedro, mayordomo de Giorgetti, le mandó cercarla, pero cuando fué a hacerlo acompañado de otro encontraron allí al segundo mayordomo quien les dijo que Badillo decía que metería en la cárcel al que entrara allí, por cuya razón no pudieron cercar; después ha visto una cerca de alambre en ese terreno, la que ignora por quién fué puesta y también ha visto a un peón de Badillo arando en ese mismo terreno con una yunta de bueyes de Badillo.

*Teodoro Badillo* compró a Genaro Chaparro un predio de terreno de 10 cuerdas, y desde que lo compró puso allí una estaca con un letrero que dice "Prohibido el paso"; también mandó poner una cerca, pero ésta no tiene alambres todavía; las propiedades que allí tenían Ramón Badillo y Miguel Bonet son ahora de Rafucci y al este de las mismas pasa un camino vecinal; ha mandado arar en la parte que colinda por el sur con los terrenos que eran de Ramón Badillo y de Miguel Bonet; Don Pedro Bou se ha presentado reclamándole tres cuerdas

de terreno de Doña Luisa Mattei, no recordando si fué en los días en que puso el letrero.

TESTIGOS DEL DEMANDADO.

*Don Pedro F. Acevedo* nada importante agrega a lo ya declarado como testigo de la parte demandante.

*Teodoro Badillo* explica que su finca de 10 cuerdas colinda con una de una cuerda y 25 céntimos de Doña Luisa Mattei que está a la parte este de las 10 cuerdas, y que era de una sobrina del testigo, habiéndola vendido por encargo de ella a Don Elías Campos, marido de la demandante; que dicha finca en su totalidad forma un solo predio dividido de la cuerda y 25 céntimos por un camino vecinal y está cercado, sin que comprenda parte alguna de terrenos de la propiedad de la demandante.

Examinados conjuntamente y combinados entre sí los elementos probatorios que ofrece la evidencia aportada al juicio a instancia de la parte demandante, mejor robustecida que contradicha por la de la demandada, no podemos menos que llegar a la conclusión de que realmente se ha cometido el error alegado para sostener la revocación de la sentencia.

La parte demandante ha justificado suficientemente la posesión en que se encontraba de se finca de 4 cuerdas y 25 céntimos de terreno, y que de la posesión de 3 cuerdas de dicho terreno ha sido privada por el demandado. El márshal de la Corte de Distrito de Aguadilla la puso en posesión de la totalidad de ese terreno, mediante entrega hecha en su representación a Don Pedro F. Acevedo. Si el Sr. Giorgetti estaba en posesión del terreno, poseía a nombre de la demandante por encargo de la cual se le dió la posesión según afirma Acevedo, y precisamente para que no hubiera duda alguna sobre el deslinde de las 3 cuerdas de terreno. fué practicada esa operación por el perito agrimensor Don To; .is B )ucher. No pudo cercarse ese terreno por la oposición que hizo el demandado, el cual, como si fuese propio, lo cercó y puso dentro de él un poste con un letrero prohibiendo el paso,

y privando a la demandante de lo que ella u otro en su nombre, estaba poseyendo.

Ciertamente que la Ley No. 43, aprobada en 13 de marzo de 1913, proveyendo procedimientos para recobrar la posesión de propiedad inmueble, exige que la privación de la posesión ha de tener lugar por actos violentos o fraudulentos.

Ello no quiere decir que para acogerse al beneficio de dicha ley es requisito necesario que alguien sea privado de la posesión material mediante fuerza o fraude, pues de ser así quedaría burlado con frecuencia el pensamiento del legislador que ha querido establecer un procedimiento para dar cumplimiento al artículo 448 del Código Civil, preceptivo de que todo poseedor tiene derecho a ser respetado en su posesión; y si fuere inquietado en ella, deberá ser amparado o restituído en dicha posesión por los medios que las leyes de procedimientos establecen.

Antes de publicarse el vigente Código de Enjuiciamiento Civil, la antigua ley procesal tenía establecido el interdicto para recobrar la posesión en casos como el presente, y por si ese procedimiento se entendía derogado por el nuevo Código de Enjuiciamiento Civil, quiso la legislatura restablecerlo en cierto modo por la Ley No. 43 de que dejamos hecho mérito.

Según la antigua ley, el interdicto de recobrar procedía cuando el que se hallaba en la posesión o en la tenencia de una cosa, había sido despojado de dicha posesión o tenencia. La ley guardaba silencio sobre los medios por los cuales se verificara el despojo.

Opinamos que la nueva ley al estatuir que el despojo debe hacerse por medios violentos o fraudulentos, no ha establecido ser requisito necesario que el despojo se haga empleando fuerza física o engaño. Basta que se haga contra la voluntad del poseedor, o sin el concurso de ella. En el primer caso podrá existir fuerza, intimidación, amenaza o cualquier otro medio que afecte a la libertad del poseedor, y entonces indudablemente se habrán empleado medios violentos; mientras

que en el segundo caso, o sea, cuando no media consentimiento del poseedor, indudablemente la privación de la posesión puede hacerse, ya empleando fraude o engaño propiamente dicho, ya cualquier otro medio equivalente al engaño, *verbi gratia,* procediendo por sorpresa u obrando ocultamente o a espaldas del poseedor.

En el presente caso han concurrido ambos medios, pues hubo amenaza de cárcel por parte del demandado contra el que entrara en el terreno de que se trata, lo cual envuelve un elemento de fuerza, y además cercó el terreno, poniendo una estaca con un letrero en que prohíbía la entrada, con sorpresa y a espaldas del legítimo poseedor, lo cual revela artificio para el despojo que puede calificarse de medio fraudulento.

Por las razones expuestas es de revocarse la sentencia apelada.

> *Revocada la sentencia apelada y dictada sentencia declarando con lugar la demanda con las costas al demandado.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.