MARTÍNEZ ET AL., DEMANDANTES Y APELANTES, *v.* SOTO, DEMANDADO Y ·APELADO.

## APELACIÓN procedente de la Corte de Distrito de Aguadilla en un procedimiento de· *injunction*.

### No. 2994.—Resuelto en diciembre 17, 1923.

*Injunction;* CUÁNDO NO ES PROCEDENTE.—Es una regla general que no se concederá un *injunction* cuando existe disputa en cuanto al ·derecho legal énvuelto y el derecho del demandante es dudoso, siendo la teoría que es el deber de la corte proteger los derechos reconocidos más bien que establecer otros nuevos y dudosos. Por tanto, cuando el derecho del demandante no ha sido establecido de acuerdo con la ley, o no es claro, sino que es dudoso sobre cualquier base en que se coloque, no sólo por la contestación del demandado, sino por la prueba en el pleito, no tiene dicho demandante derecho a un remedio mediante *injunction*.

ID.—CAUSA DE ACCIÓN—DEMANDA DE *Injunction*.—No es bastante con que un demandante alegue como mera conclusión en su demanda que el daño que se intenta evitar con el *injunction* se le ocasionará a él mismo o a su propiedad, sino que debe acreditar hechos que pongan a la corte en condiciones de apreciar si el daño será de la naturaleza expresada. Es, por tanto, esencial que se haga una completa y buena exposición de los hechos y si el caso del demandante demuestra que esto no se ha hecho el juez puede propiamente denegar el *injunction*.

ID.—DEMANDANTE NEGLIGENTE.—Cuando una parte cree que las obras que con su conocimiento se realizan en propiedad ajena contigua le perjudican, debe ser diligente en el ejercicio de sus derechos. El remedio de *injunction* solicitado para impedir daños cuando las obras estaban a punto de terminarse, no procede.

ID.—COSTAS.—En este caso aparece que el fin principal de los demandantes ha sido acudir a un remedio de equidad para impedir al demandado el establecimiento de un libre negocio, como es la fabricación de pan, en perjuicio del interés público y para beneficiar los intereses de un monopolio que en su constitución parece que tenían alguna relación los demandantes con el objeto de absorber el negocio, matar toda competencia en la confección de un artículo de primera necesidad y así mantener un alza en el precio de dicho artículo. A esta conclusión llegó la corte inferior en tal extremo y no solamente esto sería un motivo por sí solo para denegar el *injunction* sino razón bastante para no intervenir en la discreción de la corte inferior al imponer las costas a los demandantes.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. José D. Rodríguez.*

Abogado del apelado: *Sr. Alberto García Ducós.*

El Juez Asociado Sr. Franco Soto, emitió la opinión del tribunal.

Esta es una demanda de *injunction* que la fundan los demandantes en la ley aprobada en marzo 8 de 1906. Tres demandantes se unen y alegan ser perjudicados en sus respectivos derechos de propiedad por la reparación que hace el demandado en sus edificios, solicitando: que el demandado cese de fabricar en el exceso del solar que posee; que él destruya todo lo que está edificado en el patio de la casa de Luis Martínez; que se abstenga de abrir ventanas o recibir luces y tener vistas por los lados del edificio que construye a una distancia menor de dos metros del límite de su solar; que se abstenga de instalar motores y maquinarias que perturben el libre goce de la propiedad de los demandantes, y que baje el demandado el techo de la casa que construye a la altura que tenía anteriormente o que, en su defecto, retire la edificación a tres metros de distancia de la casa del demandante Martínez.

El demandado excepcionó la demanda, hizo una negación general de los hechos y además estableció como defensa: que la reparación de la casa se ha venido efectuando públicamente, a ciencia y paciencia de los demandantes, estando casi terminada la obra y habiendo gastado el demandado en la misma $3,800 y que la concesión de un *injunction* en tales condiciones, después de la morosidad mostrada por los demandantes, causaría mayor daño al demandado que los que pudieran recibir los demandantes; que por prescripción adquisitiva desde hace más de 30 años, el demandado por sí y por sus antecesores en título, ha obtenido el derecho de tener vistas y luces en su edificio como predio dominante sobre los fundos adyacentes; y que el demandado es propietario y persona solvente y en caso de un perjuicio por la reparación efectuada, los demandantes podrían

hacerlo efectivo en bienes del demandado, si bien niega la posibilidad de que existen tales perjuicios.

La corte inferior dictó sentencia denegando en defitiniva el *injunction,* y, no conforme los demandantes, establecieron la presente apelación.

Los apelantes apuntan en su alegato diez y ocho errores que se alegan cometidos por el juez inferior; pero no se nos hará necesario repetir la asignación de cada error porque todos ellos se reducen a cuestiones de hecho o imputar a la corte una errónea apreciación de la prueba. Siguiendo la constante jurisprudencia de esta corte en casos similares y tratándose en este caso de un conflicto de evidencia en la que el juez inferior pudo aquilatar los hechos más de cerca, toda vez que se llevó a efecto una inspección ocular, no nos sentimos inclinados a intervenir y hacer una revisión de los hechos y escrudiñar los detalles que fueron examinados y determinados por la corte inferior, sin que aparezca demostrado que se haya cometido algún error manifiesto ni pasión, prejuicio o parcialidad del juez inferior. Sin embargo, los apelantes han insistido en su extenso alegato, en el cual no se discute ni un solo punto legal ni se hace cita de jurisprudencia ni de autoridades, de que la corte inferior llegó en ciertos extremos a conclusiones legales partiendo de hechos no demostrados o preceptos equivocados. Y también se ha dicho por esta corte que las conclusiones legales del juez inferior para sostener una sentencia pueden ser erróneas y sin embargo estar la sentencia justa. Y en el caso presente, cualesquiera que hubieran sido las conclusiones de la corte inferior, la denegación del *injunction* fué la justa conclusión a que pudo llegar el juez sentenciador.

En la demanda, según hemos referido, se alegan determinados derechos que corresponden a los demandantes en relación con el demandado. La contestación niega esos derechos y opone ciertas defensas, quedando así trabada la contienda judicial entre las partes. Un *injunction* en tales.

condiciones no es apropiado decretarse. En otras acciones es que correspondería determinar y fijar la discusión de tales derechos y el *injunction* no es la medida más procedente para determinarlos y así prejuzgarlos.

"Y es una regla general que no se concederá un *injunction* cuando existe disputa en cuanto al derecho legal envuelto y el dedecho del demandante es dudoso, siendo la teoría que es el deber de la corte proteger los derechos reconocidos más bien que establecer otros nuevos y dudosos. Por tanto, cuando el derecho del demandante no ha sido establecido de acuerdo con la ley, o no es claro, sino que es dudoso sobre cualquier base en que se coloque, no sólo por la contestación del demandado, sino por la prueba en el pleito, no tiene dicho demandante derecho a un remedio mediante *injunction*. . . . . De aquí se infiere que una corte de equidad no intervendrá para impedir un cambio de una servidumbre (*easement*) a menos que el derecho del demandante haya sido establecido de acuerdo con la ley." 14 R. C. L. 355–356.

En el mismo tomo de la obra citada se puede ver que la doctrina de que un derecho o título en disputa debe determinarse primero en una corte de ley, no es aplicable a todos los casos en donde un *injunction* preliminar se solicita, pero no estamos en un caso en que la excepción a la regla general sea aplicable.

Es verdad que la demanda se funda en la ley de 1906, y uno de sus fundamentos para concederse un *injunction* es cuando de la petición resultare que la continuación de algún acto durante un litigio habrá de causar pérdida o daño irreparables a alguna de las partes. Esta alegación se hace en la demanda, pero se alega como una mera conclusión y no se expone hecho alguno en que puedan determinarse tales daños y que la corte pudiera llegar a una conclusión de la realidad y naturaleza de los mismos. En tal forma redactada la demanda, llegamos a la conclusión de que la petición es insuficiente.

"No es bastante con que un demandante alegue en su demanda que el daño se le ocasionará a él mismo o a su propiedad, sino que

debe acreditar hechos que pongan a la corte en condiciones de apreciar si el daño será de la naturaleza expresada. Es, por tanto, esencial que se haga una completa y buena exposición de los hechos y si el caso del demandante demuestra que esto no se ha hecho, o si indica una ocultación de los hechos que de ser expresados afectarían esencialmente la conciencia de la corte, el juez puede propiamente denegar un *injunction;* asimismo para autorizar un *injunction* la demanda debe expresar lo suficiente para justificar la concesión de tal remedio y alegar hechos de los cuales pueda llegarse a la conclusión de que el demandante no tiene un claro, rápido o adecuado remedio en la ley.'' 14 R. C. L. 331.

Otro punto que hará insostenible el *injunction* en el presente caso es la falta de diligencia mostrada por los demandantes en la prosecución de sus derechos. Para apreciar la falta de diligencia en casos como el presente no podemos descansar en reglas rígidas o fijas. Los apelantes sostienen que el tiempo transcurrido sin ellos quejarse no ha sido tan extenso para que pueda considerarse como falta de diligencia y que daría lugar a la pérdida de sus derechos. Sin embargo, de la prueba resulta claramente que los demandantes tuvieron conocimiento de las obras que hacía el demandado desde su iniciación en su propiedad; que tal conocimiento lo tuvieron por razón de su vecindad con el demandado y que los demandantes acudieron al remedio del *injunction* cuando las obras de reparación casi habían sido concluídas. Esto mismo implica el tiempo transcurrido, tiempo bastante para demostrar la pasividad de los demandantes, permitiendo la iniciación y curso de las obras del demandado, y el desembolso de gastos en el momento de la interposición del *injunction* que casi había absorbido el presupuesto de la obra de reparación, la que había sido contratada por ajuste.

''Generalmente si ha habido demora irrazonable en presentar reclamaciones, o si conociendo sus derechos, una parte no recurre oportunamente a los medios que tiene a su alcance para que se cumplan, sino que permite que su adversario incurra en gastos o

contraiga obligaciones, o de otro modo cambie su situación, o de algún modo por no proceder lleva la sospecha de sus reclamaciones con perjuicio de la otra parte, o si ha habido una conformidad real o pasiva en el cumplimiento del acto de que se queja, entonces la equidad generalmente no prestará su ayuda para que se establezca un derecho admitido, especialmente si se solicita un *injunction*. Sería contrario a la equidad y a la conciencia hacer cumplir tales derechos cuando se ha hecho suponer a un demandado mediante la palabra, o silencio o conducta del demandante que no había ninguna objeción a que se cumplieran. . . . . La determinación de si un demandante ha ejercitado su derecho dentro de un tiempo razonable de modo que no esté impedido por abandono, depende de los hechos y circunstancias del caso en particular." 14 R. C. L. 363.

En el caso de *Rabell* v. *Rodríguez,* 24 D. P. R. 569, se hace una aplicación práctica de los preceptos enunciados, y las palabras en parte de esta corte son las siguientes:

"Sostener que un vecino puede permanecer en silencio por semanas o meses, observando la construcción gradual de una casa en un solar contiguo o romper ese silencio a intervalos entrando en conversación agradable con el dueño de la nueva edificación haciendo comentarios sobre su apariencia atractiva, pero sin mostrar señal de protesta u oposición, y que luego pueda obtener un mandamiento de una corte para la demolición de dicha edificación, simplemente porque los funcionarios municipales o insulares puedan haber permitido ciertas ligeras desviaciones de cualquier ordenanza relativa a contrucciones o reglamentos de sanidad produciría tal burla de la justicia que conmovería la conciencia e inteligencia de cualquiera buen ciudadano, ya fuera un abogado o un hombre sin profesión."

El último error se refiere a la declaración de la corte inferior imponiendo las costas a los demandantes.

En este caso aparece que el fin principal de los demandantes ha sido acudir a un remedio de equidad para impedir al demandado el establecimiento de un libre negocio, como es la fabricación de pan, en perjuicio del interés público y para beneficiar los intereses de un monopolio que en su constitución parece que tenían alguna relación los deman-

dantes con el objeto de absorber el negocio, matar toda competencia en la confección de un artículo de primera necesidad y así mantener un alza en el precio de dicho artículo.

A esta conclusión llegó la corte inferior en tal extremo y no solamente esto sería un motivo por sí solo para denegar el *injunction* sino razón bastante para no intervenir en la discreción de la corte inferior al imponer las costas a los demandantes.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.