EL MUNICIPIO DE COMERÍO, demandante y apelado, *v.* RAMÓN RIVERA, demandado y apelante. •

No. 3552.—*Visto:* Abril 30, 1925. *Resuelto:* Junio 25, 1925.

1. INJUNCTION—MATERIAS SUJETAS A PROTECCIÓN Y REMEDIO—BIENES, TRASPASOS Y GRAVÁMENES—DISPUTA EXISTENTE EN CUANTO AL DERECHO LEGAL ENVUELTO.—No procede decretar un *injunction,* cuando existe disputa en cuanto al derecho legal envuelto y el derecho del demandante no es claro y sí dudoso por la prueba presentada. (*Martínez* v. *Soto,* 32: 609, confirmada.)

2. INJUNCTION—MATERIAS OBJETO DE PROTECCIÓN Y REMEDIO—BIENES, TRASPASOS Y GRAVÁMENES—DISPUTA EXISTENTE EN CUANTO A TÍTULOS.—El *injunction* no es el remedio adecuado para determinar y prejuzgar cuestiones relativas a la prevalación de títulos que están en disputa. (*Martínez* v. *Soto,* 32: 609, confirmada.)

SENTENCIA de *Charles E. Foote,* J. (Primer Distrito, San Juan), declarando con lugar demanda de *injunction,* con costas. *Revocada, declarándose sin lugar la demanda.*

*J. Valdejulli Rodríguez,* abogado del apelante; *R. Rivera Zayas,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Este es un *injunction* para impedir que el demandado continúe la ejecución de cierta obra hasta que haya cumplido con los requisitos exigidos por una ordenanza adoptada por el municipio de Comerío que se refiere al "ornato público."

Este fué el fundamento esencial de la demanda, alegándose que el demandado encontrándose en posesión de un solar radicado dentro de la zona urbana del municipio, ha empezado trabajos de edificación, practicando excavaciones y nivelaciones del terreno, sin haber obtenido previamente el permiso escrito requerido por la sección 6ª de la indicada ordenanza.

Se alega más adelante que el demandado hizo la correspondiente solicitud acompañada de los documentos requeridos por la ordenanza y que la asamblea rehusó concederle el permiso. No se alega, sin embargo, el motivo de la negativa.

La prueba del demandante para sostener la demanda consistió únicamente en las declaraciones de Celestino J. Pérez y José Montalvo, comisionado de servicio público el primero, y secretario municipal el segundo, quienes están contestes que la solicitud del demandado para edificar, dirigida a la asamblea municipal, acompañada del plano y presupuesto de la obra, está de acuerdo con la ordenanza y que la única razón para negar el permiso es porque el municipio es el dueño del solar. Se declaró también que el municipio adquirió el solar por compra a Pablo F. Cruz mediante documento privado. Además se afirma por otro lado que el municipio ha demandado a Pedro A. Romero para que otorgue escritura de 81 cuerdas de terreno.

No aparece claramente de esas declaraciones si el título que alega el demandante procede de Cruz o Romero.

Por otra parte el demandado practicó prueba tendente a demostrar la legitimidad de su título y presentó prueba documental que establece que el solar lo adquirió por compra a Pablo F. Cruz por escritura otorgada ante el notario Celestino J. Pérez, documento que fué inscrito en el registro de la propiedad.

Pablo F. Cruz declaró asimismo que no había vendido parte de su propiedad al municipio.

Parece desprenderse de toda la evidencia que el título que alega el municipio procede de Pedro A. Romero; que éste vendió a Cruz, quien a su vez vendió al demandado.

[1, 2] De todos modos parece evidente que el debate durante el desarrollo de la prueba se llevó al terreno relativo a la prevalación o cuestión de títulos y estamos obligados a decir que la prueba que ofreció el demandante fué más bien confusa y del todo insuficiente para dejar establecido

el único motivo que podía tener para solicitar el *injunction*. Bajo estas condiciones creemos además pertinente citar lo que dijimos en el caso de *Martínez et al.* v. *Soto,* 32 D.P.R. 609:

"Un *injunction* en tales condiciones no es apropiado decretarse. En otras acciones es que correspondería determinar y fijar la discusión de tales derechos y el *injunction* no es la medida más procedente para determinarlos y así prejuzgarlos."

*Por las razones expuestas, la sentencia de la corte inferior debe revocarse y dictar otra declarando sin lugar la demanda sin especial condenación de costas.*