IGLESIA CATÓLICA APOSTÓLICA ROMANA DE PUERTO RICO, DIÓCESIS DE SAN JUAN, demandante y apelante, *v.* MUNICIPIO DE ARECIBO, demandado y apelado.

No. 4433.—*Sometido:* Junio 5, 1928. *Resuelto:* Mayo 31, 1929.

*Samuel R. Quiñones* y *Feliú & La Costa*, abogados de la apelante; *Francisco M. Cadilla*, abogado del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

La Iglesia Católica, Apostólica, Romana de Puerto Rico, diócesis de San Juan, apela de una sentencia que declaró sin lugar su demanda de *injunction* para recobrar la posesión de una capilla conocida como Hermita de la Monserrate, situada en el hospital de la Monserrate en la ciudad de Arecibo y de dos salones anexos, en la que alegó que fué privada de ellos por actos del alcalde del municipio de Arecibo actuando como representante del mismo.

Para sostener su apelación expone que la corte inferior cometió error al apreciar la prueba, por estimar que por ella no se demuestra la posesión material de la capilla de la Monserrate por parte de la demandante: y al declarar que la posesión y disfrute probados por la parte actora no eran de la naturaleza de aquellos protegidos mediante los interdictos posesorios. Ambos motivos de error pueden ser considerados conjuntamente porque están íntimamente relacionados.

Como éste es un procedimiento especial para recobrar la posesión, establecido dentro del año de la pérdida de la alegada posesión por actos del demandado, y como de los autos aparece que entre las mismas partes existe otro pleito ordinario que tiene alguna relación con el presente pues por él interesa la actual demandante que sea declarada nula la inscripción de posesión hecha en el registro de la propiedad a favor del municipio de Arecibo del solar en que está fabricado el hospital conocido como de la Monserrate, limitaremos las cuestiones que tratemos a la posesión reclamada, sin que nada de lo que ahora digamos pueda afectar al pleito ordinario mencionado.

Hemos examinado la prueba que fué presentada por las partes en este pleito y de ella resulta que cuando hace años fué construido el referido hospital fueron llevadas a él al-

gunas hermanas de la congregación religiosa Siervas de
María para el cuidado de los enfermos y que el salón fron-
tal de la esquina derecha del edificio fué habilitado como ca-
pilla para que dichas hermanas pudieran hacer sus oracio-
nes religiosas y oír misa, usándose el salón inmediato como
sacristía y otro también contiguo como comedor de las her-
manas. Esos salones tenían acceso por la entrada princi-
pal del hospital y el sitio en que estaba la capilla tenía ade-
más comunicación directa a la plaza que está frente al edi-
ficio por una puerta que abría interiormente. Posterior-
mente, y también de esto hace muchos años, dichas hermanas
fueron substituidas por otras de la congregación de San
Vicente de Paúl, también para el cuidado de los enfermos,
recibiendo sueldo, comida y órdenes del municipio de Are-
cibo, el que atendía también a todos los gastos del hospi-
tal, de su conservación y reparación, incluyendo los expre-
sados salones y capilla, a la que suministraba corriente elec-
trica para sus luces, y pagaba los otros empleados del hos-
pital, que estaba administrado por un director. Esas her-
manas pagaban al párroco de la iglesia de Arecibo porque
les dijera misa diaria y cuando dicha iglesia fué grande-
mente dañada por los temblores de tierra del año 1918, de
tal modo que tuvo que ser cerrada hasta que hace algún
tiempo fué reparada y habilitada de nuevo, durante ese
tiempo fueron trasladados temporalmente los servicios reli-
giosos de la iglesia a la capilla existente en el hospital. Los
gastos religiosos de la capilla los hacían esas Hermanas de
la Caridad. Años después el municipio desocupó el edificio
en que estaba ese hospital por haber construido otro nuevo
al cual fueron trasladados los enfermos y destinó el antiguo
hospital para habilitarlo como escuela pública para cuyas
obras contrató un empréstito. Las Hermanas de la Caridad
no fueron al nuevo hospital y al desocupar ellas el antiguo
hospital de la Monserrate un párroco de la iglesia hizo po-
ner una cerradura que impidió la comunicación interior del
salón donde había estado la capilla, cerradura que hizo qui-

tar el alcalde de Arecibo y entonces la iglesia estableció este procedimiento de *injunction* fundado en que ella tenía la posesión del salón de la capilla y de los otros dos anexos, utilizado uno como sacristía y el otro como comedor de las hermanas religiosas.

Esos hechos justifican la sentencia apelada pues aunque según ellos dichas hermanas religiosas tenían la posesión de los mencionados salones, también es cierto que habían sido ellas llevadas al hospital para el cuidado de los enfermos y recibiendo sueldo, comida y órdenes del director del hospital, eran empleadas del municipio de Arecibo y por tanto la posesión que ellas tenían era como tales empleados del municipio sin que la mera tolerancia al permitir el empleo de uno de sus salones como capilla constituya verdadera posesión que ataque el derecho del municipio en el edificio, pues como acertadamente dice la corte inferior, a pesar de esa tolerancia la posesión sigue residiendo en el municipio que la tenía. El tenedor por actos meramente tolerados no puede utilizar el interdicto o *injunction* para recobrar la posesión. 4 Manresa 212; *Solís* v. *Castro,* 36 D.P.R. 105.

*La sentencia apelada debe ser confirmada.*