EFIGENIO CHARNECO, demandante y apelante, *v.* ANTONIO MÉNDEZ, demandado y apelado.

Núm. 9238.—*Sometido:* Diciembre 26, 1945. *Resuelto:* Enero 14, 1946.

*José Veray, Jr.,* abogado del apelante; *Inés Acevedo de Campos,* abogada del apelado.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

Efigenio Charneco entabló demanda de desahucio contra Antonio Méndez, para recobrar la posesión de una parcela de dos cuerdas de terreno, radicada en el barrio de Mamey, en la municipalidad de Aguada. En agosto 21 de 1944, estando aún pendiente el caso de desahucio en precario, Charneco radicó ante la Corte de Distrito de Aguadilla una demanda de *injunction* en la que alegó ser dueño de una finca de 17.25 cuerdas, dentro de la cual está enclavada la parcela de dos cuerdas, con su casa, ocupada por el demandado Méndez y que es la misma parcela envuelta en el caso de desahucio; y que el demandado, sin título ni derecho alguno, estaba penetrando en la finca del demandante, destruyendo los árboles y cogiendo para su beneficio el café allí producido. Después de hacer las alegaciones usuales sobre daños

irreparables, multiplicidad de pleitos y falta de remedio legal adecuado, el demandante solicitó la expedición de un auto de injunction prohibiendo al demandado que continuara realizando los actos enunciados y ordenándole que se abstuviera de perturbar al demandante en la posesión de la finca.

El demandado negó específicamente los hechos esenciales de la demanda y alegó en contrario:

Que está en posesión desde hace cinco años de una finca de 31 cuerdas, dentro de la cual está enclavada la de 17 cuerdas, descrita en la demanda; y que su posesión ha sido y es pública, pacífica, continua y real.

Que es poseedor de la parcela de dos cuerdas y dueño legítimo de la casa en ella enclavada, por haberla edificado.

Que como poseedor de la finca de 31 cuerdas, desde hace cinco años, la ha cultivado, sembrado y mejorado, edificando en ella una casa para su familia; que durante los pasados cuatro años ha cogido la cosecha de café y sembrado y recolectado frutos menores, con pleno conocimiento y consentimiento del demandante Charneco, quien nunca hizo objeción alguna hasta el mes de junio de 1944, cuando empezó a perturbar al demandado en la posesión pacífica del inmueble, mandando a abrir zanjas en la finca y prohibiéndole que recolectase el café.

Alegó además, que es a él a quien se causarían graves e irreparables perjuicios si se le prohibiese recolectar el café, por ser éste un fruto que si no se coge a tiempo se cae y se pierde; que él es persona solvente, que puede responder en cualquier momento de cualquier obligación; que el conflicto que existe entre las partes en cuanto al derecho de posesión no puede ser dirimido en un procedimiento sumario de injunction y sí en la acción ordinaria correspondiente; que el demandado ha poseído y posee la finca de 31 cuerdas en virtud de contrato celebrado con el demandante desde hace cinco años, por el cual el demandado se comprometió a cultivar la finca y el demandante a darle al demandado la

mitad del café y de los demás frutos de la finca; que el contrato ha estado en vigor por cinco años, y no habiéndose fijado término para la duración del mismo debe entenderse hecho por el tiempo necesario para la recolección de los frutos pendientes; y que el demandado ha hecho mejoras y ha incurrido en gastos para el cultivo y recolección del café.

La corte de distrito dictó sentencia declarando sin lugar la demanda y condenando al demandante al pago de las costas, más $150 para honorarios.

Alega el demandante apelante que la corte inferior cometió manifiesto error en la apreciación de la prueba.

En su relación del caso y opinión, el juez sentenciador, después de hacer un resumen de lo declarado por el demandante y por el demandado, respectivamente, llegó a la conclusión de que las alegaciones de la demanda, al efecto de que el demandado había penetrado ilegalmente en la finca del demandante para coger los frutos, habían sido contradichas por las declaraciones del propio demandante, quien admitió que el demandado tenía a su cargo la finca para hacer las cosechas de café; que en los dos primeros años, el demandante pagó los gastos de limpieza, pero que en los dos últimos años los gastos fueron hechos con lo producido por la finca, dividiéndose el remanente entre el demandante y el demandado. De acuerdo con lo declarado por el demandante, el convenio entre él y el demandado fué celebrado en el año 1940; y fué en junio de 1944 cuando por primera vez el demandante se opuso a que el demandado continuara haciendo las cosechas.

No erró la corte sentenciadora al concluir, de acuerdo con la prueba, que el celebrado entre las partes litigantes era un contrato de aparcería agrícola, el cual debe regirse por y ser interpretado de acuerdo con las disposiciones de la Ley núm. 76 de 4 de mayo de 1931 (pág. 467), enmendada en su sección 16 por la Ley núm. 62 de 25 de abril de 1940 (pág. 447).

■■ De la prueba presentada no resulta que las partes hubieran fijado el término de duración del contrato. Siendo ello así, debe entenderse que el contrato fué hecho "por todo el tiempo necesario para la recolección y aprovechamiento de los frutos que toda la finca diere en un año o pueda dar por una vez, aunque pasen dos años o más para obtenerlos", según lo dispuesto por la sección 3 de la citada Ley. Mientras esté pendiente la recolección de los frutos, el terrateniente está obligado "a mantener al aparcero en el goce pacífico de la finca por todo el tiempo del contrato". (Inciso 3, sección 5 de la citada ley).

■■ Es un hecho admitido que el terrateniente demandante notificó al demandado, en junio de 1944, para que cesara en la finca. El terrateniente tiene derecho a requerir al aparcero para que desocupe la finca antes del vencimiento del contrato o del tiempo que establece la sección 3 de la Ley; "pero en ese caso vendrá obligado a indemnizarle los daños y perjuicios que se le causen y, además, a pagarle la parte proporcional que le corresponda en los frutos sembrados, previa tasación de peritos nombrados al efecto" (sección 11 de la ley). Mientras no se cumpla con el requisito previo de la tasación y pago o afianzamiento del valor de los frutos pendientes de recolección, no procede el desahucio del aparcero. (Sección 18, Ley de Desahucio, enmendada por Ley núm. 68 de mayo 8, 1937 (Leyes de 1936–37, pág. 200)). En el caso de autos no se presentó prueba alguna demostrativa de que el demandante cumpliera con dicho requisito legal.

No erró la corte inferior al denegar el injunction solicitado. *Martínez et al.* v. *Soto*, 32 D.P.R. 607; *Municipio de Comerío* v. *Rivera*, 34 D.P.R. 410. El remedio legal provisto por la Ley de Aparcería Agrícola es adecuado y suficiente para la protección del demandante. Véase: *Alonso* v. *Nieves*, 52 D.P.R. 199 y 785.

*La sentencia recurrida debe ser confirmada.*